# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| BEIJING DAXING HUAXIN XINGBANG TECHNOLOGY DEVELOPMENT RESEARCH CENTER, individually and on behalf of all other similarly situated and HXXB USA RESEARCH CENTER, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> KEN PAXTON, In his official capacity as Attorney General for the State of Texas, <br><br> *Defendant.* | CASE NO. 1:25-CV-1981-RP |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

TABLE OF CONTENTS

**Page**

Table of Authorities ..................................................................................................iii

    I.    Plaintiffs Lack Standing Because They Have Not Pled an Article III Injury. ..................... 1

        A. Plaintiffs have not pled that a credible threat of enforcement exists. ........................... 1

        B. Plaintiffs' alleged injuries are not traceable to the Attorney General. ........................... 3

    II.    Sovereign Immunity Bars Plaintiffs' Claims ..................................................................... 4

        C. The Attorney General has no particular enforcement duty under SB 17. ..................... 5

        D. The Attorney General has not demonstrated any willingness to enforce SB 17. ............ 6

        E. No action by the Attorney General has compelled or constrained Plaintiffs to comply with the Challenged Provisions. ................................................................... 7

    III.  Plaintiffs Have Failed to State a Claim. ............................................................................ 7

Conclusion ...................................................................................................................... 8

Certificate of Service ..................................................................................................... 9

ii

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A & R Eng'g and Testing, Inc. v. Scott*,
  72 F.4th 685 (5th Cir. 2023)......................................................................................4

*Agency for International Development v. Alliance for Open Society International, Inc.*
  591 U.S. 430 (2020) ...................................................................................................8

*Blatchford v. Native Vill. of Noatak & Circle Vill.*,
  501 U.S. 775 (1991).....................................................................................................7

*City of Austin v. Paxton*,
  943 F.3d 993 (5th Cir. 2019)......................................................................................5

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)................................................................................................1, 3

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................................1

*McMurtray v. Holladay*,
  11 F.3d 499 (5th Cir. 1993).........................................................................................9

*Mi Familia Vota v. Ogg,*
  105 F.4th 313 (5th Cir. 2024) ..............................................................................5, 6, 7

*Nat'l Press Photographers Ass'n v. Higgins*,
  145 S. Ct. 140 (2024)...................................................................................................2

*Nat'l Press Photographers Ass'n v. McCraw*,
  90 F.4th 770 (5th Cir. 2024)....................................................................................1, 2

*Wang v. Paxton*,
  161 F.4th 357 (5th Cir. 2025)...................................................................................2, 7

*Woodlands Pride, Inc. v. Paxton*,
  157 F.4th 775 (5th Cir. 2025)......................................................................................2

**Constitutional Provisions & Statutes**

Tex. Gov. Code § 311.016 ...............................................................................................5

Tex. Prop. Code § 5.253...........................................................................................3, 4, 8

Tex. Prop. Code § 5.255(e) ..........................................................................................4, 5

iii

Defendant Ken Paxton, in his official capacity as Attorney General of Texas (the Attorney General) hereby files this Reply in opposition to Plaintiffs' Response (ECF No. 12) and in support of his Motion to Dismiss (ECF No. 11) and would show the Court as follows:

## I.    Plaintiffs Lack Standing Because They Have Not Pled an Article III Injury.

Plaintiffs do not have standing because no credible threat of enforcement exists, and Plaintiffs' alleged injuries are not traceable to any conduct by the Attorney General.  Plaintiffs allege SB 17 has injured them in three ways: (1) it designates them as hostile foreign actors; (2) it prohibits them from executing long-term leases; and (3) it caused them to lose deposits and undefined overhead costs because Plaintiffs will not sign the leases they negotiated while SB 17 is in effect.  ECF 12 at 10; ECF 4 at 3, 16–17, 20–21; ECF 4-2 at 10, 13.  None of these alleged injuries is sufficient for standing purposes.  Plaintiffs bear the burden of pleading facts sufficient to establish a credible threat of enforcement and traceability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because they have not carried their burden, Plaintiffs do not have standing to bring these claims.

### A.  Plaintiffs have not pled that a credible threat of enforcement exists.

The complete lack of SB 17 enforcement against anyone shows Plaintiffs' alleged fear of enforcement is unsubstantiated.  Again, Plaintiffs alone bear the burden on this point.  The government does not bear the "burden to disprove standing by revealing details of its [enforcement] priorities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 n.4 (2013).  Of course, Plaintiffs need not wait until they face criminal or civil penalties under the statute, but a pre-enforcement challenge requires more than unsubstantiated fear.  *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 782–83 (5th Cir. 2024), *cert. denied sub nom. Nat'l Press Photographers Ass'n v. Higgins*, 145 S. Ct. 140 (2024). Plaintiffs must show an actual, well-founded threat of enforcement. *See id.*

"Plaintiffs enjoy a presumption of enforcement *only* in the First Amendment context." *Wang v. Paxton*, 161 F.4th 357, 362 (5th Cir. 2025) (emphasis added) (quoting *Nat'l Press*, 90 F.4th at 782); *see also Woodlands Pride, Inc. v. Paxton*, 157 F.4th 775, 786 (5th Cir. 2025) ("In pre-enforcement First Amendment challenges . . . we assume a credible threat of prosecution.").

Plaintiffs hang their hat on the pre-enforcement posture of this case and argue a less stringent standard applies for showing an immediate injury, but this view is inconsistent with Fifth Circuit precedent. The Fifth Circuit has held that in the Due Process context, "in the absence of any imminent or even credible threat of prosecution" under a statute, a plaintiff lacks standing to challenge that statute under the Due Process Clause. *Nat'l Press*, 90 F.4th at 782–83. Whereas chilled speech and self-censorship have been recognized as concrete injuries for First Amendment pre-enforcement claims, "the Supreme Court has never announced an equivalent chilling effect when plaintiffs allege that a statute violates the Equal Protection or Supremacy Clauses." *Wang*, 161 F.4th at 363.

Nor has it done so in the Due Process context. *See Nat'l Press*, 90 F.4th at 782–83 (explaining the difference between pleading standards for standing to bring Due Process claims and that required to bring First Amendment claims and affirming that "standing rules are relaxed for First Amendment cases"). Changing one's behavior out of fear that a statute will be enforced against one without evidence that the statute has ever been enforced against anyone falls short of the standard. *Id.* (holding that in the absence of any imminent threat of prosecution, the issue before the court lacked the concreteness and imminence required by Article III and the plaintiffs therefore lacked standing to preemptively challenge the statute). Therefore, the alleged chilling effect that SB 17 has on Plaintiffs—preventing them from executing leases they already negotiated out of an alleged fear of SB 17 consequences—is not an injury sufficient to confer standing.

Plaintiffs' loss of deposits and costs does not show an injury sufficient to confer standing either. Plaintiffs negotiated the two leases between August and October 2025 and paid the security deposits on September 18, 2025 (Balcones Lease) and October 15, 2025 (Canyon Hills Lease). ECF 4-8 at 2; ECF 4-9 at 2–6. Meanwhile, SB 17 was already in effect as of September 1, 2025. This means that Plaintiffs negotiated these leases and paid the security deposits and costs all the while knowing they would not sign the leases. Without showing a credible threat of enforcement, Plaintiffs cannot attain standing because incurring costs in response to fear of a "hypothetical future harm that is not certainly impending" misses the mark. *Clapper*, 568 U.S. at 416. And as

2

discussed *infra*, Plaintiffs' alleged loss of deposits and costs is not fairly traceable to the Attorney General. This spurious behavior combined with no credible threat of enforcement and no traceability to conduct by the Attorney General should not be rewarded with standing.

Plaintiffs have not met their burden of showing a credible threat of enforcement because evidence of such a threat does not exist. They point only to the existence of the statute itself and to Defendant's Motion to Dismiss as evidence of intent to enforce the statute against them, claiming that Defendant has identified Plaintiffs as "hostile foreign actors" without any evidence. ECF 12 at 10. But the statute does not designate Plaintiffs as hostile foreign actors and neither does Defendant's Motion. *See* Tex. Prop. Code § 5.253; ECF 11. Rather, the statute prohibits corporations and individuals from acquiring an interest in real property within Texas based on the ties those corporations and individuals have to certain designated countries and the potential national security risk posed by those countries. *See* Tex. Prop. Code § 5.253. Neither the Attorney General nor SB 17 itself makes any judgment about whether Plaintiffs are actually hostile foreign actors themselves. Plaintiffs are subject to SB 17's prohibitions only because they are sufficiently affiliated through ownership structure with the designated country of China. *See* Tex. Prop. Code § 5.253. Affirming that Plaintiffs fall squarely within the SB 17 categories is not a credible threat of enforcement.

Plaintiffs have not pled any facts to show the Attorney General has initiated enforcement of SB 17 against anyone, let alone against Plaintiffs in particular. Thus, Plaintiffs have failed to plead any facts showing a credible threat of enforcement and they lack standing to bring their claims. Plaintiffs' claims should therefore be dismissed.

**B. Plaintiffs' alleged injuries are not traceable to the Attorney General.**

Plaintiffs have not pled facts showing their alleged injuries are traceable to any conduct by the Attorney General. The Attorney General has no enforcement duty under the Challenged Provisions, and no evidence exists that would show the Attorney General *might* enforce the provisions even if he had such power to do so. "[W]here the plaintiff fails to allege such actual or threatened enforcement, the Supreme Court has instructed [courts] to reject the mere potential

for enforcement as a 'highly attenuated,' 'speculative chain of possibilities' that cannot trace an injury to the government." *A & R Eng'g and Testing, Inc. v. Scott*, 72 F.4th 685, 690 (5th Cir. 2023) (quoting *Clapper*, 568 U.S. at 410).

Even if SB 17 caused Plaintiffs' leases to be void ab initio, the Attorney General would not be responsible for that enforcement because SB 17 is self-executing. Plaintiffs assert that "*only* the Attorney General possesses enforcement authority under SB 17 § 5.255," and that a lease is voided only after the Attorney General establishes a violation. ECF 12 at 12. Not so. SB 17, as Plaintiffs elsewhere acknowledge,[1] is self-executing. *See* Tex. Prop. Code § 5.255(e). It needs no action by the Attorney General or any other government official to void a lease that was entered into in violation of its prohibitions. *See id.* Indeed, it happens automatically. *See id.*

Likewise, Plaintiffs' alleged loss of deposits and costs is not tied to the Attorney General. Plaintiffs incurred the relevant losses after SB 17 went into effect and later decided not to execute the leases citing fear of SB 17 enforcement. Again, because SB 17 is self-executing, Plaintiffs' alleged losses are not traceable to any conduct by the Attorney General.

For these reasons, Plaintiffs lack standing to bring their pre-enforcement challenge.

## II.    Sovereign Immunity Bars Plaintiffs' Claims

Discretionary authority is a far cry from sufficient connection to enforcement of a statute. Sovereign immunity generally shields state officials acting in their official capacity from being sued absent an exception to the general rule. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Although *Ex parte Young* provides a narrow exception in some cases, the exception does not apply here. For it to apply, Plaintiffs would have to show the Attorney General has a sufficient connection to the statute's enforcement because he has (1) a "particular duty to enforce the statute in question;" (2) "demonstrated willingness to exercise that duty;" and (3) taken some action which "compel[s] or constrain[s persons] to obey the challenged law." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (quoting *Texas All. For Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th

---

[1] ECF 4 ¶ 18 ("There are no subsequent procedures that the Attorney General needs to promulgate to effectuate this statutory language—the Challenged Provisions are self-executing.")

Cir. 2022)).  Here, Plaintiffs have failed to defeat sovereign immunity and their claims are barred.

### C.  The Attorney General has no particular enforcement duty under SB 17.

The Attorney General has no duty to enforce SB 17. Plaintiffs claim "SB 17 gives exclusive enforcement authority to the Attorney General and compels (i.e. duty binds) him or her to 'establish procedures to examine a purchase or acquisition of real property and determine whether an investigation of a possible violation of this subchapter is warranted.'"  ECF 12 at 9 (quoting Tex. Prop. Code § 5.255).  But the very section of SB 17 to which Plaintiffs point—along with the entirety of the statute—grants mere discretionary authority to the Attorney General when it comes to actual enforcement.  Tex. Prop. Code § 5.255.  Addressing potential enforcement, the relevant section provides that upon determining a violation of the statute has occurred, "the attorney general: (1) *may* bring an in-rem action . . . and (2) *may* refer the matter to the appropriate . . . law enforcement agency."  Tex. Prop. Code § 5.255 (emphasis added); *see* Tex. Gov. Code § 311.016 (explaining proper construction and that "'[m]ay' creates discretionary authority or grants permission or a power," and "'[s]hall' imposes a duty.").  Although the Attorney General "*shall* establish [investigatory] procedures" and "*shall* investigate" if he determines investigation is warranted, investigation is not the same thing as enforcement.  And a duty to investigate does not satisfy the *Ex parte Young* exception's requirement of a particular duty to enforce.

Moreover, even if the Attorney General finds a violation has occurred after exercising his duty to investigate, he does not have to do anything about the violation.  Tex. Prop. Code § 5.255(c).  Indeed, he can do nothing in response.  *Id.*  As it pertains to leases in particular, a lease entered into in violation of SB 17 is automatically void.  Tex. Prop. Code § 5.255(e).  Plaintiffs misstate the law by claiming "[i]f the Attorney General finds a violation has occurred . . . the offending party is immediately subject to criminal referral and civil penalty." ECF 12 at 9 (quoting Tex. Prop. Code § 5.255(c)(2); 5.259).  Such consequences come only if the Attorney General decides to pursue them, and Plaintiffs have not pled any facts to suggest the Attorney General has taken steps to subject anyone to criminal referral or civil penalty under SB 17.

Plaintiffs' attempt to distinguish *Mi Familia Vota* falls flat.  *See* ECF 12 at 10–11.  In this

5

case, as in *Mi Familia Vota*, no statutory duty to enforce can be traced to the relevant government official. 105 F.4th at 330. Just as the district attorney in *Mi Familia Vota* had only a general duty to prosecute, so too here the Attorney General has only a general duty to investigate with no mandatory enforcement duty.

Plaintiffs fail to establish the Attorney General has any particular duty to enforce the Challenged Provisions and thus fail to defeat sovereign immunity.

**D.  The Attorney General has not demonstrated any willingness to enforce SB 17.**

Plaintiffs have not pled any facts showing the Attorney General demonstrated a willingness to enforce the Challenged Provisions. Plaintiffs punt on this point by arguing that in the pre-enforcement context, courts will assume a credible threat of enforcement exists absent compelling contrary evidence. ECF 12 at 10. As explained *supra*, the Fifth Circuit has roundly rejected this argument in the standing context for cases involving claims other than First Amendment claims. *See Wang*, 161 F.4th at 362–63 ("Plaintiffs enjoy a presumption of enforcement *only* in the First Amendment context.").

Furthermore, the Fifth Circuit explicitly declined to follow this approach for sovereign immunity because it is based on standing analysis and "what is sufficient for standing will not necessarily establish an enforcement connection." *Ogg*, 105 F.4th at 330. While standing is the "irreducible constitutional minimum" imposed by Article III, sovereign immunity presents a "common law barrier to the exercise of federal judicial power that predates Article III." *Id.* at 329–30 (citing *Lujan*, 504 U.S. at 560; *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991)).

The Attorney General has taken no action pursuant to any of the SB 17 provisions challenged by Plaintiffs. Although a history of prior enforcement is not required, Plaintiffs must allege some scintilla of enforcement. *Id.* at 329. Plaintiffs have failed to make this showing. Without a demonstrated willingness to enforce, *Ex parte Young* does not apply, and Plaintiffs claims should be dismissed because they are barred by sovereign immunity.

**E. No action by the Attorney General has compelled or constrained Plaintiffs to comply with the Challenged Provisions.**

The Attorney General has taken no steps to enforce the Challenged Provisions against Plaintiffs. Plaintiffs' Response to Defendant's Motion to Dismiss follows the trend set by Plaintiffs' complaint and supporting declarations in that it is devoid of any facts on this point. Plaintiffs appear to argue merely that the existence of the statute's prohibitions acts as compulsion through "coerced compliance." ECF 12 at 11. Regardless of the effect caused by the text of the statute, the Attorney General has taken no enforcement action and Plaintiffs have not pled any facts to the contrary.

For these reasons, the Attorney General is entitled to sovereign immunity and Plaintiffs' claims should be dismissed.

## III.    Plaintiffs Have Failed to State a Claim.

Not only does this Court lack jurisdiction to hear this case because Plaintiffs' lack standing and sovereign immunity bars their claims, but Plaintiffs have also failed to state a plausible claim upon which relief can be granted. For the following two additional reasons, the Court should dismiss Plaintiffs' claims.

First, HXXB is a foreign corporation that lacks standing to sue in federal court because it has no constitutional rights. The Supreme Court held in *Agency for International Development v. Alliance for Open Society International, Inc.* that foreign citizens outside United States territory do not possess rights under the U.S. Constitution. *Agency for International Development v. Alliance for Open Society International, Inc.* 591 U.S. 430, 434 (2020). The Court reasoned that "[i]f the rule were otherwise, actions by American military, intelligence, and law enforcement personnel against foreign organizations or foreign citizens in foreign countries would be constrained by the foreign citizens' purported rights under the U. S. Constitution. That has never been the law." *Id.* (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 273–274 (1990)).

Here, nothing qualifies HXXB to assert constitutional rights in federal court. HXXB is a completely foreign corporation whose sole connection with the United States is its asserted desire

7

to co-sign a commercial lease for its subsidiary company.  ECF 4 at 5.  Plaintiffs claim that establishing a subsidiary incorporated under U.S. law and seeking to serve as a guarantor for that subsidiary are sufficient.  ECF 12 at 14.  They are not.  For the same reasons discussed *supra*, Plaintiffs have not pled facts to establish a credible threat of enforcement or traceability.  Thus, any alleged injury suffered by HXXB falls short of the Article III standing standard.  Plaintiffs have not shown HXXB has standing and therefore HXXB's claims must be dismissed.

Second, Plaintiffs have failed to plead a plausible procedural due process claim.  Plaintiffs argue that SB 17 establishes guilt by association alone and deprives Plaintiffs of the right to enter into a lease without notice or an opportunity to be heard.  ECF 12 at 15–16.  On the contrary, Plaintiffs have received all the process they are due.  Through SB 17, the Texas Legislature lawfully exercised Texas's police power to extinguish a property interest via legislation affecting a general class of people, and the Supreme Court has long held the legislative process provides all the process that is due in these situations.  *McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993) (citing *Bi-Metallic Inv. Co. v. State Bd. Of Equalization*, 239 U.S. 441, 445-46 (1915)).  SB 17 affects a general class of people and does not, as Plaintiffs claim, establish "guilt by association."  Rather, the statute creates the non-suspect category of domicile in certain countries that have been designated as posing a threat to national security. Tex. Prop. Code § 5.253.  Having received all the process that is due, Plaintiffs have not plausibly stated a procedural due process claim.

Finally, Plaintiffs' public policy reasons are not responsive or relevant to any argument in Defendant's Motion to Dismiss.  Even if they were responsive, they are not relevant to Plaintiffs' preemption claim because ongoing law enforcement operations by the federal government bear no relevance to Texas private property interests that are purely intrastate.

## CONCLUSION

For these reasons, the Court should grant the Attorney General's Motion to Dismiss and dismiss Plaintiffs' claims in their entirety.

Date: January 21, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted,

*/s/ Keith Ingram*

BRIAN KEITH INGRAM
Special Counsel
Texas State Bar No. 00787746
keith.ingram@oag.texas.gov

ALI M. THORBURN
Special Counsel
Texas State Bar No. 24125064
ali.thorburn@oag.texas.gov

LAUREN E. SAEGER
Assistant Attorney General
Texas State Bar No. 24149365
lauren.saeger@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Telephone: (512) 463-2100

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on January 21, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

Laura Elizabeth Schut
HXB USA Research Center
164 World of Tennis Square
Lakeway, TX 78738
281-755-3824
Laura.Schut@HXXB.org

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
Special Counsel

9