# Exhibit A-1

**Preamble**

The Office of the Attorney General (OAG) proposes new Chapter 67 in Title 1, Part 3 of the Texas Administrative Code (TAC), relating to foreign ownership enforcement. The proposed rules are necessary to implement and administer Subchapter H, Chapter 5, Texas Property Code, as added by Senate Bill 17 (S.B. 17), 89th Legislature, Regular Session (2025), effective September 1, 2025. S.B. 17 established restrictions on certain purchases or acquisitions of interests in real property in this State by designated foreign persons or entities.

EXPLANATION AND JUSTIFICATION OF RULES

During its 89th Regular Session (2025), the Texas Legislature enacted S.B. 17, effective September 1, 2025. S.B. 17 added Subchapter H (Sections 5.251-5.259) to Chapter 5 of the Texas Property Code. The legislation prohibits certain foreign individuals, foreign governmental entities, and foreign-owned or foreign-controlled companies and organizations from purchasing or otherwise acquiring an interest in real property in this State, and authorizes the OAG to examine transactions, investigate potential violations, bring civil enforcement actions, and coordinate with other agencies in carrying out Subchapter H.

Proposed new Chapter 67 establishes procedures and standards to facilitate the uniform implementation and enforcement of Subchapter H. The proposed rules define key terms, including those addressing entity-level acquisitions and arrangements that, in substance, create covered real-property interests; establish duties and procedures for the submission of complaints, including obligations applicable to facilitating entities; set timelines and requirements for responding to civil investigative demands and Secretary of State (SOS) interrogatories; direct interagency coordination; and provide confidentiality standards for complaints, investigative materials, and related records. These procedures are intended to support consistent administration of Subchapter H and ensure effective investigative and enforcement processes.

SECTION-BY-SECTION SUMMARY

Proposed §67.1 describes the purpose and applicability of Chapter 67, stating that the rules implement and enforce Subchapter H, Chapter 5, Texas Property Code, and apply only to purchases or acquisitions of an interest in real property in this State occurring on or after September 1, 2025, consistent with the statutory effective date and applicability provisions of Subchapter H.

Proposed §67.2 defines terms used in Chapter 67, including "control," "facilitating entity," "foreign person or entity," "interest in real property in this State," and "purchase or otherwise acquire," and incorporates statutory definitions by reference to Subchapter H, Chapter 5, Texas Property Code. The definitions are intended to mirror and supplement statutory terms in order

to provide clarity for regulated parties, including by addressing transactions involving successive short-term arrangements and acquisitions of entities that hold covered real property interests.

Proposed §67.3 requires the OAG to maintain a designated enforcement unit responsible for receiving, reviewing, investigating, and enforcing compliance with Subchapter H, Chapter 5, Texas Property Code. The section describes the unit's core functions, including accepting complaints, issuing guidance and responses to written inquiries regarding the applicability of Subchapter H to specific transactions, coordinating with state agencies and political subdivisions, and referring matters to appropriate licensing or regulatory bodies when warranted by statute.

Proposed §67.4 specifies how complaints alleging violations of Subchapter H, Chapter 5, Texas Property Code may be submitted to the OAG. The section provides that a facilitating entity that knows or should have known, after reasonable due diligence, that a purchase or acquisition of an interest in real property in this State violates Subchapter H has a duty to submit a complaint, and it also allows any person to submit a complaint. The section establishes permissible methods of filing, authorizes a standardized complaint form, and provides that the OAG may refer a facilitating entity that fails to submit a required complaint to the appropriate licensing or professional disciplinary authority; the section is intended to implement the statutory scheme and does not create any cause of action or remedy beyond those provided by law.

Proposed §67.5 sets out response requirements for civil investigative demands issued by the OAG under Subchapter H, Chapter 5, Texas Property Code and for interrogatories issued by the SOS under that subchapter. The section provides that the OAG and SOS must generally allow at least seven calendar days to respond absent exigent circumstances and authorizes extensions of time for good cause shown, thereby promoting fair notice and orderly enforcement within existing statutory authority.

Proposed §67.6 directs the OAG to consult, as necessary, with the SOS, the Texas Real Estate Commission, the Texas Department of Insurance, and other relevant regulatory agencies to promote consistent and uniform implementation and enforcement of Subchapter H, Chapter 5, Texas Property Code. This coordination provision is procedural in nature and is intended to support the effective exercise of statutory powers already granted to the OAG and other agencies.

Proposed §67.7 addresses the confidentiality of complaints, investigative demands, interrogatories, and related responses, records, and information generated in connection with the administration of Chapter 67 and Subchapter H, Chapter 5, Texas Property Code. The section provides that such materials are confidential and not subject to public disclosure except as required or otherwise authorized by law, identifies limited circumstances in which they may be disclosed to courts, the SOS, other state agencies identified in Subchapter H, and

federal agencies to enforce Subchapter H or promote the objectives of S.B. 17, and requires receiving agencies to maintain confidentiality to the extent authorized by law; the section is intended to operate consistently with and not in derogation of applicable public-information and confidentiality statutes.

Proposed §67.8 is a savings clause stating that nothing in Chapter 67 limits or affects the OAG's existing authority to request, obtain, or compel the production of information under any other provision of Texas law, including the Texas Constitution, statutes, or other applicable rules. This section is intended to clarify that Chapter 67 is supplemental and does not narrow or expand the OAG's independent statutory or constitutional powers.

Proposed §67.9 is a severability provision stating that the provisions of Chapter 67 are severable so that, if any provision or application is held invalid, the remaining valid provisions and applications remain in effect. This section is consistent with general principles of statutory construction and is intended to preserve the operation of valid portions of the rules if a court invalidates any particular portion.

FISCAL IMPACT ON STATE AND LOCAL GOVERNMENTS

Justin Gordon, General Counsel, has determined that for the first five-year period the proposed rules are in effect, there are no estimated additional costs or reductions in costs to state or local government as a result of enforcing or administering the rules, beyond any costs associated with implementing Subchapter H, Chapter 5, Texas Property Code, as enacted.

PUBLIC BENEFIT AND COST NOTE

Justin Gordon, General Counsel, has determined that for the first five-year period the proposed rules are in effect, the anticipated public benefit is increased clarity, uniformity, and consistency in implementing Subchapter H, Chapter 5, Texas Property Code. The proposed rules set out definitions, complaint procedures, investigative timelines, and interagency coordination standards that support consistent administration of the statute.

Mr. Gordon has further determined that there are no anticipated additional significant economic costs to persons required to comply with the proposed rules beyond those imposed by Subchapter H, Chapter 5, Texas Property Code.

IMPACT ON LOCAL EMPLOYMENT OR ECONOMY

The OAG has determined that the proposed rules do not have a measurable impact on local employment or local economies. The rules implement procedural requirements for an existing statutory program and are not expected to affect employment levels or economic conditions. Therefore, no local employment or economy impact statement is required under Texas Government Code § 2001.022.

ECONOMIC IMPACT STATEMENT AND REGULATORY FLEXIBILITY ANALYSIS FOR SMALL BUSINESSES, MICROBUSINESSES, AND RURAL COMMUNITIES

The OAG has determined that for each year of the first five-year period the proposed rules are in effect, no adverse fiscal impact on small businesses, microbusinesses, or rural communities is anticipated.

Since the proposed rules will have no adverse economic effect on small businesses, micro-businesses, or rural communities, preparation of an Economic Impact Statement and a Regulatory Flexibility Analysis, as detailed under Texas Government Code §2006.002, is not required.

TAKINGS IMPACT ASSESSMENT

The OAG has determined that the proposed rules implement Subchapter H, Chapter 5, Texas Property Code, and do not independently restrict, limit, or impose a burden on private real property rights beyond those established by statute. Accordingly, the proposed rules do not constitute a taking and do not require a takings impact assessment under Texas Government Code § 2007.043.

GOVERNMENT GROWTH IMPACT STATEMENT