# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Beijing Daxing Huaxin Xingbang Technology Development Research Center, Individually and on behalf of all others similarly situated | ) ) ) ) ) ) | |
| And | ) ) | |
| HXXB USA Research Center, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO.   1:25-cv-1981-RP |
| Ken Paxton, | ) ) ) | |
| In his official capacity as Attorney General for the State of Texas | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**TABLE OF CONTENTS**

I.      Statement of the Case............................................................................................... 1

II.     Statement Defining Class to be Certified.................................................................. 3

III.    Plaintiffs' Grievances................................................................................................ 3

IV.     This Action Satisfies Rule 23(a) .............................................................................. 4

    A.   Joinder of all class members is impractical. ....................................................... 5

    B.   Claims by the class generate common answers. ................................................. 6

    C.   The named Plaintiffs' claims are typical of the class.......................................... 8

    D.   The named Plaintiffs and the Chairman of HXXB are competent and dedicated class representatives.............................................................................................................. 8

V.      This Action Satisfies Rule 23(b)(2) ........................................................................11

VI.     Pending Case against Defendant Alleging the Same or Similar Causes of Action........... 13

VII.    Class Counsels have Thoroughly Explained the Nature of a Class Action and the Relative Merits of Class Versus Individual Actions...................................................................... 13

VIII.   Plaintiffs do not Propose Requiring Notice because they Seek Only Prospective Relief Under Rule 23(b)(2).......................................................................................................... 13

IX.     Settlement with the Named Plaintiffs on an Individual Basis is Unlikely....................... 14

X.      Other Matters ........................................................................................................ 14

XI.     Conclusion ............................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)............................................................. 9

*Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 466 (2013)......................... 4

*Angell v. Geico Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023).......................................... 8

*Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) .................................................. 7

*Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015)................................................ 12

*Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 198 (5th Cir. 2010).. 12

*Cole v. Livingston*, No. 4:4-CV-1698, 2016 U.S. dist. LEXIS 77435, at *22 (S.D. Tex. June 14, 2016) ............................................................................................................................................ 6

*DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)............................................................ 12

*Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) ................................................ 9

*Garcia-Rubiera v. Fortuno*, 727 F.3d 102, 109 fn.6 (1st Cir. 2013) ............................................. 14

*Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982)................................. 9

*Huang v. Paxton*, No. 1:25-cv-01509 (W.D. Tex. Sept. 16, 2025) ............................................... 13

*In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014)........................................... 4, 7, 8, 9

*In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 329 (3d Cir. 2019).. 14

*Jack v. Am. Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) .............................................. 5, 6

*Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975) ......................................................... 4, 5, 6

*L.M.L v. Martin*, No. 1:26-CV-01170-DAE, 2026 U.S. Dist. LEXIS 109368, at *69 (W.D. Tex. May 14, 2026).............................................................................................................................. 9

*Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999)...................... 4, 5, 8, 10

*Pederson v. La. State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000).......................................... 5, 6

*Peng Wang v. Paxton*, No. 4:25-cv-03103, 2025 U.S. Dist. LEXIS 159896, at *22 (S.D. Tex. Aug. 18, 2025) ................................................................................................................ 2

*Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981) ..................................... 5

*Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) .............................................. 7

*See Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) ............................... 9, 10

*Simms v. Jones*, 296 F.R.D. 485, 497 (N.D. Tex. 2013) .................................................................. 7

*Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ............................................................ 4

*Stirman v. Exxon Corp.*, 280 F.3rd 554, 562 (5th Cir. 2002) ......................................................... 8

*Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 455 (W.D. Tex. 2006) ....................................... 9

*Trump v. CASA*, 605 U.S. 831, 872 (2025) ................................................................................... 12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ................................................... passim

*Wang v. Paxton*, No. 4:25-cv-03103 (S.D. Tex. Aug. 18, 2025) .................................................. 13

*Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981) .......................... 4, 5, 6

**Rules**

Fed. R. Civ. P. 23(a)(1) .................................................................................................................. 5

Fed. R. Civ. P. 23(a)(4) .............................................................................................................. 9, 10

Fed. R. Civ. P. 23(c)(2)(A) ........................................................................................................... 13

Fed. R. Civ. Pro. 23 ......................................................................................................................... 1

Fed. R. Civ. Pro. 23(a) ................................................................................................................ 2, 4

Fed. R. Civ. Pro. 23(a)(2) ............................................................................................................... 8

Fed. R. Civ. Pro. 23(b)(2) ..................................................................................................11, 12, 13

Fed. R. Civ. Pro. 23(b)(2)-(3) ........................................................................................................ 2

Fed. R. Evid. 201(b) ................................................................................................................ 2, 5, 6

L.R. App. A ........................................................................................................................ 1

L.R. CV-23 ......................................................................................................................... 1

**Constitutional Provisions**

U.S. CONST. amend. XIV, § 1 ........................................................................................... 2

U.S. CONST. art. I, § 8, cl. 3 .............................................................................................. 2

U.S. CONST. art. IV, cl. 2 .................................................................................................. 2

**State Statutes**

TEX. PROP. CODE § 5.253(2)(A), (C) .................................................................................. 2

TEX. PROP. CODE § 5.253(3) ............................................................................................. 2

TEX. PROP. CODE § 5.255(e) .............................................................................................. 2

TEX. PROP. CODE §§ 5.005, 5.251-258 .............................................................................. 1

**State Administrative Proposed Rules**

1 TAC § 67.1(5)-(6)(A)(B) ................................................................................................ 1

## <u>INDEX OF EXHIBITS</u>

**Ex. A**    *Declaration of Yue Zhang in Support of Mot. for Class Certification* ("Zhang Decl.")

**Ex. B**    *Declaration of Curtis Morrison*.

**Ex. C**    *Declaration of Zhao Guo*.

**Ex. D**    Office of the Texas Governor, *Governor Abbott Signs Bills Protecting Texans From Foreign Adversaries* (Aug. 26, 2025).

**Ex. E-1**    Mengchen Zhang, *National security or xenophobia? Texas restricts Chinese owning and renting property,* BBC (Aug. 28, 2025).

**Ex. E-2**    Texas Secretary of State, *Secretary Pablos Leads Texas Economic Development Mission To China* (May 26, 2017).

**Ex. F**    Plamedie Ifasso, *Chinese robotics company relocates US HQ from California to Texas*, WFAA (April 28, 2026).

**Ex. G**    USCIS, *L-1A Intracompany Transferee Executive or Manager*, Last Reviewed/Updated: 07/29/2024.

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, Beijing Daxing Huaxin Xingbang Technology Development Research Center ("HXXB") and HXXB USA Research Center ("HXXB USA") (collectively "Plaintiffs"), individually and on behalf of others similarly situated, and pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule CV-23 and Appendix A of the Local Rules of the U.S. District Court for the Western District of Texas, files this Motion for Certification of Class Action and would respectfully show unto the Court as follows:

### I.    Statement of the Case

On June 20, Governor Greg Abbott signed into law S.B. 17,[1] which went into effect on September 1, 2025, ushering in a sweeping and unprecedented regulatory regime that discriminatorily bars Chinese-domiciled individuals, companies and organizations, and their U.S.-based subsidiaries from owning, purchasing, or leasing, for more than one year (or contiguous one-year periods under Defendant's newly Proposed Rules[2]), real property in the State of Texas.

The statute rests not on evidence or any demonstrated legitimate governmental need, but on a foundation of unsubstantiated fearmongering and vague insinuations about national-security risks, which amount to a modern-day witch hunt grounded in stereotypes rather than facts and evidence. S.B. 17 collapses otherwise lawful activities—ordinary real estate transactions—into prohibited conduct punishable through both civil and criminal fines and penalties, based solely on a party's national origin and the State's undefined and unbounded "hostile foreign actor"[3] label.

---

[1] Codified at TEX. PROP. CODE §§ 5.005, 5.251-258 (hereinafter "S.B. 17").

[2] Proposed Rules, 1 TAC § 67.1(5)-(6)(A)(B). The Proposed Rules are attached as Exs. A-1 to A-9 to Plaintiffs' Mot. for Preliminary Injunction (ECF Nos. 31-2 through 31-11).

[3] Office of the Texas Governor, *Governor Abbott Signs Bills Protecting Texans From Foreign Adversaries* (Aug. 26, 2025), available at: https://gov.texas.gov/news/post/governor-abbott-signs-bills-protecting-texans-from-foreign-adversaries. Plaintiffs request that the Court take judicial notice of the Press Release, attached hereto as Ex. D, as courts may take judicial notice of matters

The result is a system of suspicion-based prohibitions wholly incompatible with constitutional norms and conflicting federal laws, regulations, and policy.

Although Plaintiffs firmly believe S.B. 17 in its entirety is an affront to constitutional rights and guarantees, Plaintiffs' claims focus on those sections of S.B. 17 that most immediately, tangibly, and irreparably burden Plaintiffs by preventing them from acquiring a long-term leasehold in Texas—despite their clear good faith willingness and ability to do so—and subject them to ongoing uncertainty, stigma, and the risk of civil and criminal penalties.[4] Specifically, Plaintiffs challenge Sections 5.253(2)(A) and (C) and subsection (3) and Section 5.255(e) of S.B. 17 (collectively the "Challenged Provisions"). The Challenged Provisions are facially unconstitutional under the Supremacy Clause, U.S. CONST. art. IV, cl. 2, the Commerce Clause, U.S. CONST. art. I, § 8, cl. 3, and the Due Process Clause of the Fourteenth Amendment, U.S. CONST. amend. XIV, § 1. S.B. 17 is not "tougher security," but crude regulation—a substitution of speculation over process.

Defendant's uniform conduct and enforcement policies affect all the class members in substantially the same manner. Plaintiffs seek certification of a class consisting of the persons described in Section II below. Class certification is appropriate under Rule 23(a) and Rule 23(b)(2)-(3) because the class satisfies numerosity, commonality, typicality, and adequacy, and because common issues predominate over individualized issues.

---

of public record, including information posted on official government websites. *See* FED. R. EVID. 201(b).

[4] *Contrast with*, *Peng Wang v. Paxton*, No. 4:25-cv-03103, 2025 U.S. Dist. LEXIS 159896, at \*22 (S.D. Tex. Aug. 18, 2025) (denying preliminary injunction and certification of a class action on the basis that Plaintiffs challenged the *entirety* of S.B. 17, not just the provisions that applied to them).

## II.    Statement Defining Class to be Certified

Plaintiffs are narrow tailoring their lawsuit to the Challenged Provisions. Plaintiffs are not claiming to have standing over all persons or entities impacted by S.B. 17. Rather, Plaintiffs seek certification of a class consisting exclusively of those persons or entities who are similarly situated to them: Chinese domiciled individuals or entities or their U.S.-based subsidiaries who are prohibited by S.B. 17 from entering a long-term leasehold in violation of the U.S. Constitution. More specifically, Plaintiffs request certification of the class of entities and individuals that have been prohibited from entering a commercial lease since September 1, 2025, by S.B. 17:

   a. All U.S. companies or organizations that: (1) are controlled by parent companies or organizations that are headquartered in China but are not an agent of or affiliated with the Chinese government or an agent of or affiliated with the Chinese Communist Party ("CCP"); and (2) intend or have intended to acquire a long-term commercial leasehold interest in real property in the State of Texas as of September 1, 2025, the date the unconstitutional Challenged Provisions impacting the class became effective.

   b. All U.S. subsidiaries and their parent companies, or organizations that: (1) are owned or controlled by individuals who are Chinese citizens and who are domiciled, as that term is defined by S.B. 17, in China, but are not an agent of or affiliated with the Chinese government or the CCP; and (2) intend or have intended to acquire a long-term commercial leasehold interest in real property in the State of Texas as of September 1, 2025.

This is the sole class of entities and individuals Plaintiffs request this Court to certify. Collectively, these similarly situated parties are hereinafter referred to as "the class."

## III.    Plaintiffs' Grievances

The Attorney General is exclusively charged with enforcing the Challenged Provisions. Plaintiffs' grievances, thus, arise from Defendant's implementation and threatened enforcement of the Challenged Provisions against them and the class through a common statutory and regulatory framework. Plaintiffs allege that the Challenged Provisions impose substantially similar compliance obligations on, restrict ordinary commercial leasing and business activities of, and expose the class (which includes Plaintiffs) to materially similar risks of investigation,

enforcement, and liability. Because those alleged injuries derive from uniform enforcement policies applicable across the class, Plaintiffs seek classwide and injunctive relief, enjoining the Attorney General from enforcing the Challenged Provisions, and declaratory relief resolving the legality of the Challenged Provisions in a single proceeding.

### IV.    This Action Satisfies Rule 23(a)

"The threshold requirements of Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

The Fifth Circuit instructs that courts entertaining class actions to vindicate civil rights should not apply rules about the burden of proof "rigidly or blindly." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981) (quoting *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975)). While the Court must perform a "rigorous analysis" to determine whether to certify a class, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), the Court may not require the plaintiff to establish their claims at the class certification stage. *See also Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). At the certification stage, the plaintiff only needs to provide evidence to demonstrate that Rule 23 is satisfied, not a "dress rehearsal for the merits." *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014).

### A.    Joinder of all class members is impractical.

Plaintiffs have been informed and have reason to believe the class includes sufficiently numerous Chinese-domiciled individuals and entities to make joinder impracticable.[5] FED. R. CIV. P. 23(a)(1). There is no fixed number of class or subclass members required for a finding of numerosity. Instead, the key question is "whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Zeidman*, 651 F.2d at 1038 (quoting *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981)). These other relevant factors include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each Plaintiffs' claim." *Id.* Courts also consider "judicial economy arising from the avoidance of a multiplicity of actions." *Id.* Finally, "the fact that the class includes unknown, unnamed future members also weighs in favor of certification." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000) (citing *Jack v. Am. Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974)). "The general rule encouraging liberal construction of civil rights class actions applies with equal force to the numerosity requirement of Rule 23(a)(1)." *Jones*, 519 F.2d at 1100. Joinder is presumptively impracticable when a class consists of 150 members or more. *Mullen*, 186 F.3d at 624.

---

[5] "Between 2011 and 2021, 34 Chinese companies recorded 38 investment projects, $2.7bn in capital investment and 4,682 jobs in Texas, according to a report by state officials." Mengchen Zhang, *National security or xenophobia? Texas restricts Chinese owning and renting property,* BBC (Aug. 28, 2025), available at: https://www.bbc.com/news/articles/cgjyqnndvwjo. Further, "As our second largest import source country and with more than 150 Chinese companies operating in Texas, China is a growing partner in elevating the Lone Star State's continued economic prosperity." Texas Secretary of State, *Secretary Pablos Leads Texas Economic Development Mission To China* (May 26, 2017), available at: https://www.sos.state.tx.us/about/newsreleases/2017/052617.shtml. Plaintiffs respectfully request that the Court take judicial notice of the BBC News article and Press Release, attached hereto as Exs. E-1 trough E-2, as courts may take judicial notice of matters of public record, including publicly available BBC News report, and information posted on official government websites. FED. R. EVID. 201(b).

The class is unquestionably geographically dispersed, not only throughout Texas and the U.S., but internationally. The Challenged Provisions apply to individuals and entities who are not citizens or permanent residents of the United States, but intend to apply nonimmigrant or immigrant visa(s), such as L-1 visa[6] to the U.S. Accordingly, it necessarily follows the class is also constantly in flux. As time goes by, many impacted individuals and entities will leave the United States, Texas, and many will enter.[7] These types of classes are well suited for certification under Rule 23. *See Zeidman*, 651 F.2d at 1038; *Pederson*, 213 F.3d at 868 n.11; *see also Jones*, 519 F.2d at 1100 (even a small class can satisfy numerosity where "the plaintiff is seeking injunctive relief on behalf of future class members as well as past and present members"); *Am. Linen Supply Co.*, 498 F.2d at 124 (discussing impracticability of joinder of unknown persons); *Cole v. Livingston*, No. 4:4-CV-1698, 2016 U.S. dist. LEXIS 77435, at *22 (S.D. Tex. June 14, 2016) (finding numerosity met when there was "a constant flux" of the class members "rendered joinder…impracticable if not impossible").

### B.    Claims by the class generate common answers.

Commonality requires that the class members' claims "depend on a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of

---

[6] USCIS, *L-1A Intracompany Transferee Executive or Manager*, available at: https://www.uscis.gov/working-in-the-united-states/temporary-workers/l-1a-intracompany-transferee-executive-or-manager, Last Reviewed/Updated: 07/29/2024. Plaintiffs request that the Court take judicial notice of the USCIS webpage, attached hereto as Ex. G, as courts may take judicial notice of matters of public record, including information posted on official government websites. *See* FED. R. EVID. 201(b).

[7] For example, a Chinese robotics company recently moved its U.S. headquarters to Richardson, Texas from California. Plamedie Ifasso, *Chinese robotics company relocates US HQ from California to Texas*, WFAA (April 28, 2026), available at: https://www.wfaa.com/article/tech/chinese-robotics-co-relocates-us-hq-to-dallas/287-96e32279-405c-4680-9219-7517ec24b0ad. Plaintiffs respectfully request that the Court take judicial notice of the WFAA article, attached hereto as Ex. F, as courts may take judicial notice of matters of public record, including publicly available Dallas Business Journal report published by WFAA, an ABC-affiliated Dallas-based television station. FED. R. EVID. 201(b).

each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claims." *Deepwater Horizon*, 739 F.3d at 810. Commonality also requires these common questions "to generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 349 (citations omitted).

The Rule asks whether the disputed questions are capable of class-wide proof or resolution, and claims need not be identical to satisfy this requirement. *See Simms v. Jones*, 296 F.R.D. 485, 497 (N.D. Tex. 2013) ("Even a single common question of law or fact can suffice.") (citing *Dukes*, 564 U.S. at 359); *see also Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (observing that Rule 23(a)'s commonality and typicality requirements do not demand all putative class members share identical claims); *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (noting that "neither [commonality nor typicality] mandates that all putative class members share identical claims").

This case involves questions of law or fact which are common to the class and these questions of law and fact will predominate over any questions concerning individual class members. These questions of law and fact that are common include:

a. Whether federal investment and immigration laws and regulations preempt the Challenged Provisions under the Supremacy Clause.

b. Whether the Challenged Provisions, which prohibit the class from entering a leasehold interest of more than a year after September 1, 2025 (or contiguous one-year lease terms), violate the Commerce Clause by preventing the federal government from speaking with one voice on matters of foreign commerce.

c. Whether the Challenged Provisions violate the Due Process Clause by prohibiting the class from entering long-term leaseholds without process and by depriving the class of a protected liberty interest.

These questions satisfy the principal requirement of commonality, namely, that there is at least one contention "that enables the class action to generate common answers apt to drive the

resolution of the litigation." *Deepwater Horizon*, 739 F.3d at 811. Here, all the class members have "suffered the same injury, even [if] the resulting injurious effects—the damages—are diverse." *Id.* at 810–11. For each claim, there is effectively a "single common question" for the class or subclass. *See Dukes*, 564 U.S. at 359. As a result, the claims asserted on behalf of the class satisfy Rule 23(a)(2).

### C.    The named Plaintiffs' claims are typical of the class.

The Plaintiffs in this case have claims typical of the class. "[T]he test for typicality is not demanding," *Mullen*, 186 F.3d at 625, and "a complete identity of claims is not required." *Angell v. Geico Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023). In analyzing typicality, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id.* (quoting *Stirman v. Exxon Corp.*, 280 F.3rd 554, 562 (5th Cir. 2002)).

Here, the Plaintiffs' claims are the same as any member of the class. The Plaintiffs would like to lease (for over a year) property in Texas. They are prohibited from doing so by the clear classifications and directives of the Challenged Provisions and the Proposed Rules. Plaintiffs argue that the Challenged Provisions are unlawful on their face, or as applied to them as a member of the class, rather than because of any particular fact that might distinguish them from other class members.

### D.    The named Plaintiffs and the Chairman of HXXB are competent and dedicated class representatives.

The named Plaintiffs and the Chairman of HXXB[8] also fulfill the final requirement under Rule 23(a): they "will fairly and adequately protect the interests of the class." FED. R. CIV. P.

---

[8] *See* Zhang Decl. in Support of Plaintiffs' Mot. for Class Certification, Ex. A.

23(a)(4). The target of this requirement is to "uncover conflicts of interest between names parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The risk of conflict is low where, as here, Plaintiffs do not seek monetary damages but only injunctive relief. *See Deepwater Horizon*, 739 F.3d at 813–14; *see also L.M.L v. Martin*, No. 1:26-CV-01170-DAE, 2026 U.S. Dist. LEXIS 109368, at *69 (W.D. Tex. May 14, 2026).

Courts assessing adequacy consider the representatives' willingness and ability to take an active role in the litigation and protect the interests of other class members and the alignment of interests between the representatives and other class members. *See Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) (citing *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)). Representatives "need not be legal scholars" to meet their obligations under Rule 23(a)(4), and "are entitled to work with, and rely upon, their counsel in pursuing their claims and navigating the complicated legal and factual issues associated with" complex litigation. *Feder*, 429 F.3d at 132 n.4; *see also Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 455 (W.D. Tex. 2006). A class representative is adequate when they have "familiarity with the complaint and the concept of a class action." *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982).

The named Plaintiffs and the Chairman of HXXB are willing and able to fulfill their obligations as class representatives and have the support of counsels with significant experience in litigating complex civil rights actions like this one. They have agreed to act as a representative for the class and have conferred with the undersigned counsels and discussed the responsibility of prosecuting a class action on behalf of people covered by the Challenged Provisions. The named Plaintiffs can demonstrate familiarity with the allegations in this action, the concept of a class action, and the relief sought in this action. The named Plaintiffs are prepared to respond to reasonable discovery requests in this case. Finally, the named Plaintiffs are dedicated to fulfilling

9

the role and duties of a class representative protecting class members' fundamental constitutional rights. *See generally* Zhang Decl. in Support of Mot. for Class Certification, Ex. A, ¶¶ 17-22.

Plaintiffs' counsels further state:

i.   There are no known conflicts.

The "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives <u>only</u> if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen*, 186 F.3d at 625-26 (emphasis supplied). Here, the named Plaintiffs share the class's interests and suffer the same injuries as other class members. There are no known conflicts or potential conflicts between the named Plaintiffs' interests and the interests of the class members. The interests of Plaintiffs and class members are aligned: all seek relief from the Challenged Provisions. No member of the class benefits from the Challenged Provisions.

ii.   There is no need for any further subclasses.

Plaintiffs' counsels do not believe this claim will require any further subclasses now or in the future.

iii.   Plaintiffs' counsels have sufficient prior experience.

Finally, as also relevant to the Fifth Circuit's determination of the named Plaintiffs' competency and class counsel's adequacy under 23(g), Plaintiffs' counsels are competent and zealous. *See Slade*, 856 F.3d at 412 (assessing counsel's "zeal and competence" in deciding whether Plaintiffs satisfied FED. R. CIV. P. 23(a)(4)). The Court must consider factors including: 1) "the work counsel has done in identifying or investigating potential claims in this action;" 2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" 3) "counsel's knowledge of the applicable law;" and 4) "the resources that counsel will commit to representing the class." Rule 23(g)(1)(A).

The undersigned counsel[s] satisfy these criteria:

Plaintiffs' counsel Curtis Lee Morrison[9] and Zhao Guo,[10] both with Red Eagle Law, L.C., have established experience in representing thousands of plaintiffs in a combined total of more than 1,000 federal lawsuits, many of which involved or involved complex areas of immigration law. Mr. Morrison has been plaintiffs' counsel in two prior putative class action lawsuits, although certification was not ultimately granted in either case: *Jacob v Biden*, 1:21-cv-01874-APM (D.D.C.); and *Asylum Seekers Trying to Assure Their Safety v. Lechleitner*, 1:23-cv-00163-RCL (D.D.C.) At present, Mr. Morrison and Mr. Guo are plaintiffs' counsels in two putative class action pending in the District Court for the Northern District of California that challenge a hold on immigration benefit adjudications: *Red Eagle Law, L.C., v. Edlow*, 3:26-cv-04850-CRB (N.D. Cal.), *Roksana Medani v. Trump*, 5:26-cv-06332-EJD (N.D. Cal.).

### V.        This Action Satisfies Rule 23(b)(2)

The class in this case is ideal for certification under Rule 23(b)(2) because Defendant has acted or refused to act "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). The requirement of a generally applicable set of actions "ensures that the class's interests are related in a manner that makes aggregate litigation appropriate … and therefore efficient." *Id.* The Supreme Court emphasized in *Dukes*, 564 U.S. at 360, that:

> The key to the (b)(2) class is 'the indivisible nature of the injunctive relief or the declaratory relief warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all the class members or as to none of

---

[9] Mr. Morrison is licensed to practice law in the State of California and the District of Columbia and admitted to practice in 13 U.S. District Courts, to include the Western District of Texas, as well as the Court of Appeals for the Fourth, Seventh, Ninth, and District of Columbia Circuits. Mr. Morrison's declaration is attached as Ex. B.

[10] Mr. Guo is licensed to practice law in the State of New York and admitted to practice in and admitted in 11 U.S. District Courts, as well as the Court of Appeals for the Seventh and District of Columbia Circuits. Mr. Guo's declaration is attached as Ex. C.

11

them.'…In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.

Civil rights class actions seeking injunctive and declaratory relief are "prime examples" of the types of actions that Rule 23(b)(2) is meant to capture. *Dukes*, 564 U.S. at 361. Rule 23(b)(2) classes seek "an indivisible injunction benefitting all its members at once," individualized inquiries into "whether class issues predominate" are unnecessary, and "[p]redominance and superiority are self-evident." *Dukes*, 564 U.S. at 362-63 (emphasizing the importance of classwide relief based on the structure of Rule 23(b)(2) and noting the Rule's historical basis in civil rights cases). Indeed, "the very nature" of facial civil rights challenges to unconstitutional statutes "makes it appropriate for certification" under Rule 23(b)(2).

The class is exactly the kind of class that Rule 23(b)(2) is meant to embrace. The class's interests are sufficiently related to warrant aggregate litigation. Defendant has acted on grounds that apply generally to the class. *See Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 198 (5th Cir. 2010) ("[Rule] 23(b)(2) requires common behavior by the defendant towards the class."). The proposed class set forth in Section II above is "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). The class is also "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (internal citations omitted). Finally, it is far more efficient for this Court to grant declaratory relief protecting all of the class members than to extend that relief piecemeal through individual suits. *See Trump v. CASA*, 605 U.S. 831, 872 (2025) (Kavanaugh, J., concurring). Accordingly, the Court should certify the class under Rule 23(b)(2).

12

VI.    **Pending Case against Defendant Alleging the Same or Similar Causes of Action**

Plaintiffs are aware of one case pending against Defendant alleging the same or similar causes of action: *Huang v. Paxton*, No. 1:25-cv-01509 (W.D. Tex. Sept. 16, 2025). In that case, the District Court dismissed in part the claims against the named plaintiffs for lack of standing and therefore did not certify the class. *Huang v. Paxton*, 2005 U.S. Dist. LEXIS 255759, at *4. That case is currently stayed, to include the Motion for Class Certification, and on appeal to the Fifth Circuit. 25-51034. Another case, *Wang v. Paxton*, No. 4:25-cv-03103 (S.D. Tex. Aug. 18, 2025), alleged same or similar causes of action, but is now closed.

The standing and merits theories asserted in those cases materially differ from the standing and merits allegations presented by Plaintiffs in this action.

VII.    **Class Counsels have Thoroughly Explained the Nature of a Class Action and the Relative Merits of Class Versus Individual Actions**

Undersigned counsels for the Plaintiffs has discussed and thoroughly explained to Plaintiffs and the Chairman of HXXB the nature of a class action and potential advantages and disadvantages to them by proceeding in a class action rather than individually.

After conferring with Plaintiffs in this manner, undersigned counsels assure the Court that Plaintiffs fully comprehend those matters and advises the Court that Plaintiffs have consented to the filing of this Motion. Plaintiffs, as the representative parties for the class, are able to, and will, fairly and adequately protect the interests of the class. The named Plaintiffs bring this case with the understanding that they are serving as volunteers not only to vindicate their own rights, but to vindicate the rights of the entire class. *See* Zhang Decl., Ex. A, at ¶¶ 17-22.

VIII.    **Plaintiffs do not Propose Requiring Notice because they Seek Only Prospective Relief Under Rule 23(b)(2)**

Plaintiffs' counsels do not propose requiring notice of certification. For cohesive classes certified under Rule 23(b)(2), class participation is mandatory, and thus notice of certification

serves little function and is generally not required. *See* FED. R. CIV. P. 23(c)(2)(A) and 2003 advisory committee notes; *Garcia-Rubiera v. Fortuno*, 727 F.3d 102, 109 fn.6 (1st Cir. 2013); *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 329 (3d Cir. 2019). There are no such exceptional circumstances here. The cost of notice would outweigh any benefit.

### IX.    Settlement with the Named Plaintiffs on an Individual Basis is Unlikely

No settlement negotiations have taken place between Plaintiffs on an individual basis and Defendant. However, in Plaintiffs' view such negotiations would be futile and there is no likelihood of settlement by Defendant with Plaintiffs. The Attorney General has not disavowed enforcement of the Challenged Provisions; on the contrary, he has pledged rigorous enforcement thereof.[11]

### X.    Other Matters

Plaintiffs' counsels know of no such matters.

### XI.    Conclusion

For the reasons stated above, Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsels should be granted.

---

[11] *Tex. Att'y Gen.*, Attorney General Ken Paxon Proposes Rules to Stop Designated Foreign Adversaries, Including China, from Owning Texas Land (March 27, 2026), available at: https://www.texasattorneygeneral.gov/news/releases/attorney-general-ken-paxton-proposes-rules-stop-designated-foreign-adversaries-including-china. Attached as Exhibit A to Plaintiffs' Mot. for Preliminary Injunction, ECF No. 31-1.

Dated: July 15, 2026                              Respectfully Submitted,

*/s/ Zhao Guo*
Zhao Guo*                                          Laura E. Schut
chuck@redeaglelaw.com                              Tx. Bar No. 24161306
                                                   Attorney in charge for Plaintiffs
Curtis Lee Morrison                                HXXB USA Research Center
curtis@redeaglelaw.com                             281-755-3824
                                                   Laura.Schut@HXXB.org
Red Eagle Law, L.C.
5256 S. Mission Road, Suite 135                    *Pro Hac Vice* application granted.
Bonsall, CA 92003
Phone: 714-661-3446

15

**Certificate of Service**

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on July 15, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

WADE A. JOHNSON
Texas Attorney General's Office
PO Box 12548
Austin, TX 78711
512-463-4139
Email: wade.johnson@oag.texas.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

LAUREN ELISE SAEGER
Texas Attorney General's Office
Special Litigation Division
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548
512-463-2100
Email: lauren.saeger@oag.texas.gov
ATTORNEY TO BE NOTICED

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Telephone: (512) 463-2100

*/s/ Zhao Guo*
Zhao Guo
chuck@redeaglelaw.com

Red Eagle Law, L.C.
5256 S. Mission Road, Suite 135
Bonsall, CA 92003
Phone: 714-661-3446

1

## Certificate of Conference

I hereby certify that on July 14, 2026, counsel for Plaintiffs conferred with counsels for Defendant Regarding Plaintiffs' Motion for Class Certification. Counsel conferred via email to Defendant's counsels. Defendant opposes the relief requested in the Motion.

Respectfully submitted,

/s/ Laura E. Schut
Laura E. Schut
Tx. Bar. No. 24161306
Attorney in charge for Plaintiffs
HXXB and HXXB USA
281-755-3824
Laura.Schut@HXXB.org

2