## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Beijing Daxing Huaxin Xingbang Technology Development Research Center, Individually and on behalf of all others similarly situated<br><br>And<br><br>HXXB USA Research Center, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>        v.<br><br>Ken Paxton,<br><br>In his official capacity as Attorney General for the State of Texas<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.   1:25-cv-1981-RP |

### Declaration of Yu Zhang in Support of Plaintiffs' Motion for Class Certification

I, Yu Zhang, being of competent mind and over the age of 18, declare as follows:

1.  I am a Chinese citizen. I am not a United States citizen or a U.S. permanent resident.

2.  I am a native-born citizen of the People's Republic of China. I both reside in and I am domiciled in Beijing, China. I have lived in Beijing for most of my life.

3.  I am not a citizen of any other country. I am also not a permanent resident of any other country.

4. I am the Chairman of the Board of HXXB, a Chinese-headquartered non-profit organization and a Plaintiff in the above-captioned action. Plaintiff HXXB USA is a wholly owned U.S-based and -incorporated subsidiary of HXXB.

5. I am a law-abiding individual without any criminal record.

6. I am not a member of the Chinese communist party and has no affiliation with the Chinese government.

7. Plaintiffs HXXB and HXXB USA, both duly organized non-profit organizations, are not contractors or agents of the Chinese government.

8. Plaintiff HXXB USA, with HXXB serving as guarantor, has actively attempted to lease office space in the Austin, Texas area with enough workspace for between 3 to 5 people, with the potential to expand to 20 people.

9. To obtain office space for HXXB USA, I worked with Guanyi Zhang, an executive at HXXB. On behalf of HXXB USA, Mr. Guanyi Zhang contacted various realty agents in the Austin, Texas area.

10. HXXB USA painstakingly negotiated two leases. These efforts resulted in two landlord-executed lease agreements being sent to Plaintiffs, both with the terms and conditions for a three-year lease. The lease terms were meant to begin on October 15, 2025, and November 15, 2025, respectively. But for the Challenged Provisions, one or both of the leases would have been executed and the space(s) would be occupied today by HXXB USA.

11. There is no doubt that the restrictions in SB 17 are burdensome and discriminatory to Plaintiffs and others similarly situated.

**Exhibit A**                    **Page 2 of 4**

12. I understand that the Challenged Provisions prohibit me, a Chinese citizen domiciled in China, or HXXB from acquiring a lease interest in office space in the State of Texas that extends beyond a year. I also know that HXXB USA, a subsidiary of an organization registered and headquartered in Beijing, China, is prohibited from signing a lease agreement due to Challenged Provisions' prohibitions, even though it is a U.S.-based non-profit. I understand these prohibitions extend to those similarly situated.

13. Plaintiffs have been singled out by the law simply because of where HXXB is headquartered and because HXXB is a wholly-owned subsidiary of HXXB. The Challenged Provisions stigmatize Plaintiffs and those similarly situated and wrongly treat them as a serious threat to the State of Texas and this country due to their national origin.

14. Even though I had every intention of doing so and instructed the issuance of deposits on close-to-executed leases that were only missing my signature, I am reluctantly compelled to not sign any lease agreement in the State of Texas while the Challenged Provisions remain in effect.

15. The Challenged Provisions have significantly impacted and disrupted Plaintiffs' business activities, and those of others similarly situated, in the State of Texas and elsewhere in the United States.

16. I respectfully ask the court to declare the Challenged Provisions invalid.

17. I have been provided with extensive advice developed by Plaintiffs' counsel in the above-captioned action about the nature of a class action and the relative merits of pursuing an individual claim for prospective relief versus a classwide claim for prospective relief.

18. I am familiar, and can demonstrate that familiarity, with the allegations in this action. Through the advice I've been provided, I understand the concept of a class action, and the relief sought in this action.

19. After having been provided with the above-described advice, I am willing and able to fulfill my obligations as a class representative with the help of Plaintiffs' counsel. I agree to act as a representative for Plaintiffs and the class and understand the responsibility of prosecuting a class action on behalf of similarly situated plaintiffs.

20. I am making an informed and wiling choice to undertake the duties of a class representative. I understand I will be serving as a volunteer not only to vindicate Plaintiffs' rights, but to vindicate the rights of all those similarly situated.

21. I am prepared to respond to reasonable discovery requests in this case.

22. I am dedicated to fulfilling the role and duties of a class representative protecting the fundamental constitutional rights of the class that I, and Plaintiffs, represent.

I declare under the penalty of perjury that the forgoing is true and accurate.

Executed on July 8, 2026.

Yu Zhang