
**U.S. Citizenship and Immigration Services**

MENU

[Home](#) >  [Working in the United States](#)  >  [Temporary Workers](#)  >  L-1A Intracompany Transferee Executive or Manager

# L-1A Intracompany Transferee Executive or Manager

The L-1A nonimmigrant classification enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. This classification also enables a foreign company that does not yet have an affiliated U.S. office to send an executive or manager to the United States with the purpose of establishing one. The employer must file a [Form I-129, Petition for a Nonimmigrant Worker](#), with fee, on behalf of the employee.

The following information describes some of the features and requirements of the L-1 nonimmigrant visa program.

↗ Close All    ↙ Open All

## General Qualifications of the Employer and Employee

To qualify for L-1 classification in this category, the employer must:

- Have a qualifying relationship with a foreign company (parent company, branch, subsidiary, or affiliate, collectively referred to as *qualifying organizations*); and

- Currently be, or will be, *doing business* as an employer in the United States and in at least one other country directly or through a qualifying organization for the duration of the beneficiary's stay in the United States as an L-1. While the business must be viable, there is no requirement that it be engaged in international trade.

***Doing business*** means the regular, systematic, and continuous provision of goods and/or services by a qualifying organization and does not include the mere presence of an agent or office of the qualifying organization in the United States and abroad.

To qualify, the named employee must also:

- Generally have been working for a qualifying organization abroad for one continuous year within the three years immediately preceding his or her admission to the United States; and

Exhibit G                          Page 1 of 5

- Be seeking to enter the United States to provide service in an *executive* or *managerial capacity* for a branch of the same employer or one of its qualifying organizations.

*Executive capacity* generally refers to the employee's ability to make decisions of wide latitude without much oversight.

*Managerial capacity* generally refers to the ability of the employee to supervise and control the work of professional employees and to manage the organization, or a department, subdivision, function, or component of the organization. It may also refer to the employee's ability to manage an essential function of the organization at a high level, without direct supervision of others. See section 101(a)(44) of the Immigration and Nationality Act, as amended, and 8 CFR 214.2(l)(1)(ii) for complete definitions.

## New Offices

For foreign employers seeking to send an employee to the United States as an executive or manager to establish a new office, the employer must also show that:

- The employer has secured sufficient physical premises to house the new office;
- The employee has been employed as an executive or manager for one continuous year in the three years preceding the filing of the petition; and
- The intended U.S. office will support an executive or managerial position within one year of the approval of the petition.

See 8 CFR 214.2(l)(3)(v) for details.

## Period of Stay

Qualified employees entering the United States to establish a new office will be allowed a maximum initial stay of one year. All other qualified employees will be allowed a maximum initial stay of three years. For all L-1A employees, requests for extension of stay may be granted in increments of up to an additional two years, until the employee has reached the maximum limit of seven years.

## Family of L-1 Workers

The transferring employee may be accompanied or followed by their spouse and unmarried children who are under 21 years of age. Spouses and children may seek admission in the L-2

nonimmigrant classification and, if approved, generally will be granted the same period of stay as the employee.

If these family members are already in the United States and seeking changes of status to or extension of stay in L-2 classification, they may apply collectively, with fee, on an Form I-539, Application to Change/Extend Nonimmigrant Status.

Spouses of L-1 workers in valid L-2S nonimmigrant status are considered employment authorized incident to status. DHS-issued evidence of such employment authorization that is acceptable for completion of Form I-9, Employment Eligibility Verification, include:

1. An unexpired Form I-94 with a notation reflecting L-2S nonimmigrant status. As of Jan. 30, 2022, USCIS and CBP began issuing Forms I-94 with a new admission code for spouses of L-1 workers: L-2S. An unexpired Form I-94 reflecting this new code is acceptable as evidence of employment authorization for L spouses under List C of Form I-9;

2. An unexpired Form I-94 with a notation reflecting L-2 nonimmigrant status, together with a notice from USCIS regarding the new admission code. USCIS will send L spouses with a Form I-94 issued by USCIS before Jan. 30, 2022, that was notated with L-2 nonimmigrant status, a notice regarding the new admission code that, together with an unexpired Form I-94 reflecting L-2 nonimmigrant status, serves as evidence of employment authorization for such spouses under List C of Form I-9. For more information, see this web alert;

3. An unexpired Employment Authorization Document (EAD). L spouses are not required to request employment authorization by filing Form I-765, Application for Employment Authorization, but may still file Form I-765, with fee, in order to obtain an Employment Authorization Document (Form I-766 or EAD). EADs are acceptable evidence of both identity and employment authorization under List A of Form I-9; or

4. A facially expired EAD with additional documentation to show the EAD is automatically extended. See our Automatic Employment Authorization Document (EAD) Extension page for more information on this automatic extension.

## Form I-129 Pilot Program for Canadian L-1 Nonimmigrants                           ⌃

From April 30, 2018, to April 30, 2020, the California Service Center and the CBP Blaine, Washington, port of entry (POE) are participating in a joint agency pilot program for Canadian citizens seeking L-1 nonimmigrant status under the North American Free Trade Agreement (NAFTA). For additional information, please visit the Form I-129/I-129S Pilot Program for Canadian L-1 Nonimmigrants.

Exhibit G                                    Page 3 of 5

## Blanket Petitions ⌃

Certain organizations may establish the required intracompany relationship in advance of filing individual L-1 petitions by filing a blanket petition. Eligibility for blanket L certification may be established if:

- The petitioner and each of the qualifying organizations are engaged in commercial trade or services;

- The petitioner has an office in the United States that has been doing business for one year or more;

- The petitioner has three or more domestic and foreign branches, subsidiaries, and affiliates; and

- The petitioner along with the other qualifying organizations meet one of the following criteria:

    - Have obtained at least 10 L-1 approvals during the previous 12-month period;

    - Have U.S. subsidiaries or affiliates with combined annual sales of at least $25 million; or

    - Have a U.S. work force of at least 1,000 employees.

The approval of a blanket L petition does not guarantee that an employee will be granted L-1A classification. It does, however, provide the employer with the flexibility to transfer eligible employees to the United States quickly and with short notice without having to file an individual petition with USCIS.

**Where an L-1 visa is required**

In most cases, once the blanket petition has been approved, the employer need only complete Form, I-129S,Nonimmigrant Petition Based on Blanket L Petition, and send it to the employee along with a copy of the blanket petition Approval Notice and other required evidence, so that the employee may present it to a consular officer in connection with an application for an L-1 visa.

**Canadians with an approved blanket petition seeking L-1 classification**

Canadian citizens, who are exempt from the L-1 visa requirement, may present the completed Form I-129S and supporting documentation to a U.S. Customs and Border Protection (CBP) Officer at certain ports-of-entry on the United States-Canada land border or at a United States pre-clearance/pre-flight inspection station in Canada, in connection with an application for admission to the United States in L-1 status.

Please refer to CBP's website for additional information and/or requirements for applying for admission into the United States.

**Optional filing of Form I-129S with USCIS**

If the prospective L-1 employee is visa-exempt, the employer may file the Form I-129S and supporting documentation with the USCIS service center that approved the blanket petition, instead of submitting the form and supporting documentation directly with CBP.

See 8 CFR 214.2(l)(4) and 8 CFR 214.2(l)(5) for more details regarding blanket petitions.

## More Information

- [Filing Multiple L-1 Intracompany Transferee Petitions Related to the Same Project](#)
- [Frequently Asked Questions about Part 6 of Form I-129, Petition for a Nonimmigrant Worker](#)
- [VIBE Program](#)
- [Work Authorization](#)

 Close All    Open All

Last Reviewed/Updated: 07/29/2024